IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SIDNEY EUGENE CLARK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv534-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Before the court is the 28 U.S.C. § 2255 motion filed on June 17, 2016, by federal inmate Sidney Eugene Clark ("Clark").[1]  Doc. # 2.  Clark contends that the U.S. Supreme Court's holding in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015),[2] invalidates his 2010 conviction for brandishing a firearm during and

---

[1] Clark styles his motion as "Defendant's Notice of Eligibility and Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A." Doc. # 2 at 1.  In his motion, Clark indicates that he seeks relief from his conviction through 28 U.S.C. § 2255.  *Id.* 2.  The court has docketed his filing as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  The law directs that 28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner to collaterally attack a conviction and/or sentence imposed by a federal court. *See* 28 U.S.C. § 2255(a) and (e); *United States v. Holt*, 417 F.3d 1172, 1174–75 (11th Cir. 2005); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[2] In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague because it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." 135 S.Ct. at 2557.  The portion of the ACCA that the Court found unconstitutionally vague defined "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. at 2555–56 (emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *See United States v. Clark*, Case No. 2:09cr86-MEF. For the reasons that follow, Clark's motion is due to be dismissed as a successive § 2255 motion.

## II. DISCUSSION

This is the second § 2255 motion filed by Clark attacking the judgment of conviction and sentence in Case No. 2:09cr86-MEF. Clark filed his first § 2255 motion in October 2011. *See Clark v. United States*, Civil Action No. 2:11cv885-MEF (Doc. # 1). On September 6, 2012, this court denied Clark's § 2255 motion and dismissed his action with prejudice on grounds that the motion was time-barred under the one-year limitation period in 28 U.S.C. § 2255(f) and the sole claim in his motion lacked merit. *Id.* (Doc. # 6–8 (Recommendation of Magistrate Judge; Order Adopting Recommendation; and Final Judgment)).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of

2

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

"The bar on second or successive [§ 2255] motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). For purposes of the AEDPA's successive-motion rules, the dismissal of an initial § 2255 motion as untimely counts and renders a subsequent § 2255 motion "successive." *See, e.g., Villanueva v. United States*, 346 F.3d 55, 59–61 (2d Cir. 2003) ("We . . . hold that a first § 2255 petition that has properly been dismissed as time-barred under AEDPA has been adjudicated on the merits, such that authorization from this court is required before filing a second or successive § 2255 petition."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("We hold today that a prior untimely petition does count [for purposes of 28 U.S.C. § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

On September 30, 2016, the government asserted that Clark had "failed to obtain the necessary certification from the Eleventh Circuit" to file a successive § 2255 motion. Doc. # 16 at 2. On October 3, 2016, this court entered an order

directing Clark to show cause why his § 2255 motion "should not be dismissed as successive and filed without Eleventh Circuit authorization." Doc. # 12 at 1. Clark did not respond to the court's order.

Clark has not provided the required certification from the Eleventh Circuit, and there is no indication in the record that Clark has obtained the required certification authorizing this court to consider his successive § 2255 motion. Accordingly, this court lacks jurisdiction to consider Clark's successive § 2255 motion, and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the magistrate judge that the § 2255 motion be dismissed for lack of jurisdiction, as Clark has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before February 2, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to

file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 19th day of January, 2018.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE